SHEPPARD MULLIN RICHTER & HAMPTON LLP
KENT R. RAYGOR, Cal. Bar No. 117224
VALERIE E. ALTER, Cal. Bar No. 239905
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:  (310) 228-3700
Facsimile:  (310) 228-3701
Email:      kraygor@sheppardmullin.com
            valter@sheppardmullin.com

Attorneys for Plaintiff
HERBALIFE INTERNATIONAL, INC.

DARREN W. SAUNDERS, NY Bar No. 2269561
(Admitted *pro hac vice*)
HISCOCK & BARCLAY LLP
Seven Times Square
New York, New York  10036
Telephone:  (212) 784-5805
Facsimile:  (212) 784-5757
E-mail:     dsaunders@hblaw.com

WINSTON & STRAWN LLP
DAVID L. ARONOFF, Cal. Bar No. 152606
SAUL S. ROSTAMIAN, Cal. Bar No. 235292
333 South Grand Avenue
Los Angeles, California  90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750
E-mail:     daronoff@winston.com
            srostamian@winston.com

Attorneys for Defendant
LUMENE NORTH AMERICA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| HERBALIFE INTERNATIONAL, INC., a Nevada Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>LUMENE NORTH AMERICA LLC., a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. CV 07-05040 AHM  (RCx)<br><br>[Proposed] **FINAL PRETRIAL CONFERENCE ORDER**<br><br>**[Local Rule 16-7]**<br><br>COMPLAINT filed:       August 2, 2007<br>Pre-Trial Conference:  May 4, 2009<br>Trial Date:            May 19, 2009 |

## TABLE OF CONTENTS

Page

1. THE PARTIES ............................................................................................ 1

2. JURISDICTION AND VENUE ................................................................. 2

3. TRIAL ESTIMATE .................................................................................... 2

4. JURY TRIAL .............................................................................................. 2

5. ADMITTED FACTS .................................................................................. 2

6. STIPULATED FACTS ............................................................................... 3

7. CLAIMS AND DEFENSES ....................................................................... 3

8. ULTIMATE ISSUES .................................................................................. 9

9. DISCOVERY ............................................................................................ 10

10. FED. R. CIV. P. 26(a)(3) DISCLOSURES .............................................. 10

11. WITNESS LISTS ...................................................................................... 10

12. LAW AND MOTION ............................................................................... 11

13. BIFURCATION ........................................................................................ 11

14. ADMISSIONS ........................................................................................... 11

# TABLE OF AUTHORITIES

**Federal Cases**

*Academy of Motion Picture Arts and Sciences v. Creative House Promotions*, Inc.,
    944 F.2d 1446 (9th Cir. 1991) .................................................................. 5, 6

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.*,
    174 F.3d 1036 (9th Cir. 1999) ....................................................................... 4

*Glow Indus., Inc. v. Lopez*,
    252 F. Supp. 2d 962 (C.D. Cal. 2002) ........................................................... 4

*Resource Lenders, Inc. v. Source Solutions, Inc.*,
    404 F. Supp. 2d 1232 (E.D. Cal. 2005) ......................................................... 6

**State Cases**

*Cowles Magazines & Broad., Inc. v. Elysium, Inc.*,
    255 Cal. App. 2d 731 (1967) ......................................................................... 4

*Mallard Creek Industries, Inc. v. Morgan*,
    56 Cal. App. 4th 426, 65 Cal. Rptr. 2d 461 (1997) ....................................... 6

*McCann v. Lucky Money, Inc.*,
    129 Cal. App. 4th 1382 (2005) ...................................................................... 5

**Federal Statutes**

15 U.S.C. § 1114 ....................................................................................................... 2

15 U.S.C. § 1121 ....................................................................................................... 2

15 U.S.C. § 1125 ....................................................................................................... 2

28 U.S.C. § 1331 ....................................................................................................... 2

28 U.S.C. § 1338(b) .................................................................................................. 2

28 U.S.C. § 1367(a) .................................................................................................. 2

28 U.S.C. § 1391(b) .................................................................................................. 2

**State Statutes**

Business & Professions Code § 14245 ..................................................................... 3

Business & Professions Code § 14335 ..................................................................... 3

Business & Professions Code § 17200 ..................................................................... 5

Business & Professions Code § 17500 ........................................................................... 5

Despite requests from Plaintiff Herbalife International, Inc. ("**Herbalife**"), Defendant Lumene North America LLC ("**Lumene**") never participated in the required C.D. CAL. LOCAL RULE 16-2 meeting of counsel by February 23, 2009, as originally required by this Court's July 14, 2008 Scheduling Order [Docket No. 52], or by April 10, 2009, as required by this Court's Amended Scheduling Order [Docket No. 59].  Nor has Defendant Lumene ever provided to Plaintiff Herbalife a LOCAL RULE 16-2.3 trial exhibit list, a LOCAL RULE 16-2.4 trial witness list, or a LOCAL RULE 16-2.7 list of deposition designations.  Nor has Defendant Lumene participated in the drafting of or provided any portions for the LOCAL RULE 16-7 [Proposed] Final Pretrial Conference Order, the Pre-Trial Exhibit Stipulation required by Section V(C)(2) of this Court's July 14, 2008 Scheduling Order, or the Joint Status Report Re Settlement required by Section VI of this Court's July 14, 2008 Scheduling Order [Docket No. 52].  Nor has Defendant Lumene submitted any list of its trial exhibits for inclusion with the LOCAL RULE 16-6 Joint Trial Exhibit List.  Plaintiff Herbalife has provided drafts of these joint filings to Defendant Lumene for its participation, but Lumene has not participated.  As a result, Plaintiff Herbalife has to make these court-ordered filings unilaterally.

Following pretrial proceedings, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16, IT IS ORDERED:

1. **THE PARTIES**

The parties are Plaintiff HERBALIFE INTERNATIONAL, INC. and Defendant LUMENE NORTH AMERICA, LLC.  Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are Herbalife's Complaint, dated August 2, 2007, and Lumene's Answer, dated August 27, 2007.  To date, Herbalife

has not abandoned any of its claims and Lumene has not abandoned any of its defenses.

## 2. JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked upon the grounds that federal question jurisdiction exists for Herbalife's claims for violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125 pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over Herbalife's remaining state law claims pursuant to 28 U.S.C. § 1338(b) because the claims are joined with a substantial and related claim under the federal Lanham Act.  Supplemental jurisdiction also exists for Herbalife's state law claims pursuant to 28 U.S.C. § 1367(a).  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred or had effects in this district, and because Lumene resides in this district for purposes of 28 U.S.C. § 1391(b).

## 3. TRIAL ESTIMATE

The trial is estimated to take five (5) trial days.

## 4. JURY TRIAL

The trial is to be a jury trial.  At least five (5) court days prior to the trial date each party shall file and serve by e-mail, fax, or personal delivery:  (a) proposed jury instructions as required by Local Rule 51-2 and (b) any special questions requested to be asked on voir dire.

## 5. ADMITTED FACTS

The following facts are admitted and require no proof:  None.

6. **STIPULATED FACTS**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection: None

7. **CLAIMS AND DEFENSES**

**Herbalife:**

 **(a) Herbalife plans to pursue the following claims against Lumene:**

 Claim 1: Herbalife alleges that Lumene infringed its registered RADIANT C® trademarks, in violation of 15 U.S.C. § 1114.

 Claim 2: Herbalife alleges that Lumene engaged in unfair competition in violation of 15 U.S.C. § 1125(a).

 Claim 3: Herbalife alleges that Lumene infringed its registered RADIANT C® trademarks, in violation of Cal. Bus. & Profs. Code § 14245(a).[1]

 Claim 4: Herbalife alleges that Lumene has engaged in unfair competition and false advertising in violation of Cal. Bus. & Profs. Code §§ 17200, 17500.

 Claim 5: Herbalife alleges that Lumene has engaged in common law trademark infringement and unfair competition.

 **(b) The elements required to establish Herbalife's claims are:**

---

[1] Herbalife pled this as a claim for violation of Cal. Bus. & Profs. Code § 14335, which was repealed after Herbalife filed this lawsuit and replaced with Bus. & Profs. Code § 14245. Thus, Herbalife treats this claim as one for violation of § 14245.

-3-

  Claim 1: Trademark Infringement, 15 U.S.C. § 1114.

    1. Herbalife's "RADIANT C" trademarks are valid and protectable marks;

    2. Herbalife owns "RADIANT C" as a trademark; and

    3. Lumene used "RADIANT C", a mark similar to Herbalife's registered "RADIANT C" marks, without Herbalife's consent in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods. *See* Ninth Circuit Model Civil Jury Instructions No. 15.5

  Claim 2: Unfair Competition, 15 U.S.C. § 1125(a).

  The substantive elements of Herbalife's unfair competition claims under 15 U.S.C. § 1125(a) are the same as its trademark infringement claim under § 1114. *See Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 975 (C.D. Cal. 2002) ("The standard for Lanham Act unfair competition is the same as that for Lanham Act trademark infringement . . . ."); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1045 (9th Cir. 1999) (stating that both trademark infringement and unfair competition under the Lanham Act require establishing that defendant is using a mark confusingly similar to a valid, protectable trademark of plaintiff).

  Claim 3: Trademark Infringement, Cal. Bus. & Profs. Code § Code § 14245(a).

  The substantive elements of Herbalife's state law trademark infringement claim are the same as its federal trademark infringement claim. *See Cowles Magazines & Broad., Inc. v. Elysium, Inc.*, 255 Cal.App.2d 731, 733 (1967); California Forms of Jury Instructions MB 3300A.60.

  Claim 4: Unfair Competition And False Advertising, Cal. Bus. & Profs. Code §§ 17200, 17500

To succeed on its claim for violation of Cal. Bus. & Profs. Code § 17200, Herbalife must prove that:

Lumene engaged in an unlawful, unfair or fraudulent business act or practice by:

1. Infringing Herbalife's RADIANT C® trademark in violation of 15 U.S.C. § 1114(a);
2. Engaging in unfair competition in violation of 15 U.S.C. § 1125(a);
3. Infringing Herbalife's RADIANT C® trademark in violation of CALIFORNIA BUSINESS & PROFESSIONS CODE § 14245;
4. Violating California Business & Professions Code §17500; or
5. Engaging in common law trademark infringement or unfair competition in violation of California law.

*See Academy of Motion Picture Arts and Sciences v. Creative House Promotions*, Inc., 944 F.2d 1446, 1457 (9th Cir. 1991); CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200.

To succeed on its claim for violation of Cal. Bus. & Profs. Code § 17500, Herbalife must prove that:

1. Lumene made or disseminated to the public untrue or misleading statements by using a mark similar to Herbalife's "RADIANT C" trademark; and
2. Members of the public are likely to be deceived by Lumene's statements.

*See McCann v. Lucky Money, Inc.*, 129 Cal.App.4th 1382, 1388 (2005).

Claim 5:  Common Law Trademark Infringement And Unfair Competition

The elements of common law trademark infringement and common law unfair competition are the same as those of trademark infringement under 15 U.S.C. §

1114.  *Resource Lenders, Inc. v. Source Solutions, Inc.*, 404 F. Supp. 2d 1232, 1239 (E.D. Cal. 2005).  *See also Mallard Creek Industries, Inc. v. Morgan*, 56 Cal. App. 4th 426, 438, 65 Cal. Rptr. 2d 461, 469 (1997) (*quoting Academy of Motion Picture Arts and Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991)).

### (c)   Key Evidence In Support Of Herbalife's Claims

Claim 1:   Trademark Infringement, 15 U.S.C. § 1114.

Herbalife has become well known throughout the United States and elsewhere as a source of high quality skin care products, including its RADIANT C® skin care line, that it markets to men and women from 25 to 45 years old.  Herbalife's RADIANT C® skin care line (RADIANT C® Daily Facial Scrub Cleanser, RADIANT C® Face Quencher, RADIANT C® Body Lotion SPF 15, RADIANT C® Daily Skin Booster) is marketed under the trademark RADIANT C® and utilizes an orange color scheme in its product packaging and related marketing materials.

Herbalife has continuously and extensively used its RADIANT C® trademarks in commerce in the U.S. in connection with skin care products since at least September 18, 2000.  Herbalife has two federal trademark registrations for its RADIANT C® trademarks, and has used those marks since September 18, 2000.

Herbalife has spent and continues to spend substantial sums of money, time, and effort to develop, advertise, and promote its RADIANT C® skin care products.  Herbalife's RADIANT C® skin care products are promoted and sold extensively through (1) authorized independent distributors utilizing both direct marketing and retail establishments such as beauty salons, (2) the Internet at www.herbalifeshopping.com and independent distributor websites, and (3) fairs, organized consumer events, and other Herbalife events where consumers are

presented with the products. Herbalife has sold millions of units in the United States and internationally.

As a result of these sales and the promotional efforts associated with them, Herbalife's RADIANT C® skin care products have become known as originating from and authorized by Herbalife. Herbalife has not authorized defendant Lumene to use Herbalife's RADIANT C® trademarks.

Lumene designs, markets, manufactures, sells, and distributes cosmetics and personal care products through resellers and retail establishments in the United States. Lumene has used Herbalife's RADIANT C® trademark to sell at least five skincare products in the United States without Herbalife's permission: (1) "**Radiant C** Beauty Drops", (2) "**Radiant C**-Energy Age-Defying Intensive Care", (3) "**Radiant C**-Energy Eye Serum", (4) "**Radiant C**-Energy 5 Min. Mask", and (5) "**Radiant C**-Energy Age-Defying Day Cream SPF 15." Like Herbalife, Lumene, too, uses an orange color scheme on its competing skin care products and related promotional materials.

Lumene has widely distributed and marketed its skin care products bearing the Herbalife RADIANT C® Marks in the United States. Lumene's products bearing the Herbalife RADIANT C® Marks have been sold at CVS/pharmacy stores across the United States, through CVS's website at www.cvs.com, and at Target stores. Lumene has also engaged in extensive promotion of its "RADIANT C" products in the United States, particularly with respect to its "RADIANT C" beauty drops, of which it distributed 500,000 samples and for which it held launch parties throughout the country. Moreover, by Lumene's own admission, Lumene's "Radiant C-Energy Age-Defying Intensive Care" cream is among its best-selling products in the United States.

Herbalife has a registered trademark in the U.S. and Europe for the term "Radiant C" for use with skin care products. Contrary to Lumene's assertions, it is not just using "LUMENE VITAMIN+ RADIANT C-ENERGY", "VITAMIN+", or

"RADIANT-C ENERGY" with its skin care product in the U.S. On January 2, 2009, we purchased the Lumene "Radiant C" product at a CVS/pharmacy store. Its point-of-purchase displays do not say "LUMENE VITAMIN+ RADIANT C-ENERGY" or "VITAMIN+" or "RADIANT-C ENERGY". They say "Radiant C" in large type, all by itself at the top of the display in the most prominent part of the display. That is the exact trademark that has been registered by Herbalife.

Claim 2:    Unfair Competition, 15 U.S.C. § 1125(a).

As the elements of Herbalife's unfair competition claim are identical to the elements of its federal trademark infringement claim, the evidence that Herbalife will use to support this claim is identical to the evidence that it will use to support its claim for trademark infringement in violation of 14 U.S.C. § 1114(a).

Claim 3:    Trademark Infringement, Cal. Bus. & Profs. Code § Code § 14245(a).

As the elements of Herbalife's trademark infringement claim under California law are identical to the elements of its federal trademark infringement claim, the evidence that Herbalife will use to support this claim is identical to the evidence that it will use to support its claim for trademark infringement in violation of 14 U.S.C. § 1114(a).

Claim 4:    Unfair Competition And False Advertising, Cal. Bus. & Profs. Code §§ 17200, 17500

As the elements of Herbalife's false advertising and unfair competition claim under California law are nearly identical to the elements of its federal trademark infringement claim, the evidence that Herbalife will use to support this claim is identical to the evidence that it will use to support its claim for trademark infringement in violation of 14 U.S.C. § 1114(a).

     Claim 5: Common Law Trademark Infringement And Unfair Competition

As the elements of Herbalife's common law trademark and unfair competition claim are identical to the elements of its federal trademark infringement claim, the evidence that Herbalife will use to support this claim is identical to the evidence that it will use to support its claim for trademark infringement in violation of 14 U.S.C. § 1114(a).

**Lumene:**

   ***[to be filled in by counsel for Lumene]***

**8. ULTIMATE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

**Issues Of Fact:**

The following issues of fact must be determined:

1. Does Lumene use a "RADIANT C" mark that is identical to Herbalife's RADIANT C® marks?
2. Do Lumene's "RADIANT C' products directly compete with Herbalife's RADIANT C® products?
3. Do Herbalife and Lumene use the same marketing channels to reach the same consumers?
4. Are the Herbalife RADIANT C® marks strong?
5. Did Lumene willfully infringe Herbalife's RADIANT C® trademarks?

-9-

6. Will purchasers of Herbalife's and Lumene's respective "RADIANT C" products exercise a high degree of care in their purchasing decisions?

**Issues Of Law:**

The following issues of law must be determined:

1. Are Herbalife's "RADIANT C" trademarks valid and protectable?
2. Does Herbalife own "RADIANT C" as a trademark?
3. Did Lumene use a mark similar to "RADIANT C" without Herbalife's consent in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods?

**9. DISCOVERY**

All discovery is complete.

**10. FED. R. CIV. P. 26(a)(3) DISCLOSURES**

All disclosures under F.R.Civ.P. 26(a)(3) have been made. The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-16.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Herbalife objects to all trial exhibits that might be submitted by Lumene on the ground that Lumene never provided any lists of trial exhibits to Herbalife under Local Rule 16-2.3 or 16-6.

Lumene objects to Exhibit Nos. *[to be filled in by counsel for Lumene]*.

The objections and grounds therefor are: *[to be filled in by counsel for Lumene]*.

**11. WITNESS LISTS**

-10-

1	Herbalife's witness list has been filed with the Court.  **Lumene has not
2	filed a witness list with the Court.**  Only the witnesses identified in the lists will be
3	permitted to testify (other than solely for impeachment).
4	Each party intending to present evidence by way of deposition has
5	marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the
6	following depositions shall be lodged with the Clerk as required by L.R. 32-1:
7	Joe Pastorkovich
8	Olli Vahanen

10	**12.	LAW AND MOTION**
11	The following law and motion matters and motions in limine, and no
12	others, are pending or contemplated: None.

14	**13.	BIFURCATION**
15	Bifurcation of the following issues for trial is ordered:  None.

17	**14.	ADMISSIONS**
18	The foregoing admissions having been made by the parties, and the
19	parties having specified the foregoing issues remaining to be litigated, this Final

-11-

1 | Pretrial Conference Order shall supersede the pleadings and govern the course of the
2 | trial of this cause, unless modified to prevent manifest injustice.

4 | DATED: May ___, 2009

_____
UNITED STATES DISTRICT COURT JUDGE

Approved as to form and content.

Dated:  April 20, 2009        SHEPPARD MULLIN RICHTER & HAMPTON LLP


By  /s/ Kent R. Raygor
_____
KENT R. RAYGOR

Attorneys for Plaintiff
HERBALIFE INTERNATIONAL, INC.

Dated:  April 20, 2009        HISCOCK & BARCLAY, LLP


By  _____
DARREN W. SAUNDERS

Attorneys for Defendant
LUMENE NORTH AMERICA, LLC

-12-